UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIOLETA PASKAUSKIENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:11-CV-1315-G |
| MICROCONSULT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Microconsult, Inc. ("Microconsult") to dismiss the plaintiff's claims against it for hostile work environment, retaliation, and wrongful discharge. For the following reasons, the motion is denied.

### I. BACKGROUND

On September 22, 2011, the plaintiff filed a second amended complaint in this court in which she brought claims against Microconsult for "age discrimination, national origin discrimination, hostile work environment and retaliation." *See generally* Plaintiff's Second Amended Complaint.

## II.  ANALYSIS

### A.  Standard for Determination under Rule 12(b)(6)

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted."  A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of her claims that would entitle her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.  *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting Wright & Miller, Federal Practice and Procedure § 1357), *cert. denied*, 459 U.S. 1105 (1983).  Granting such a motion "is a 'precarious disposition with a high mortality rate.'"  *Id*. (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)).

Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant.  *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

The thrust of the motion is that the plaintiff has failed to state claims upon which this court could grant her relief. The court concludes, however, that the defendant has failed to show that the plaintiff could prove no set of facts in support of her claims that would entitle her to relief. See *Conley*, 355 U.S. at 45-46.

### III. CONCLUSION

For the reasons stated, the motion is **DENIED**.

**SO ORDERED**.

July 9, 2012.

_A. Joe Fish_
A. JOE FISH
**Senior United States District Judge**